# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEGUN DEBOWALE, | : Civil No. 3:16-cv-2394 |
| Petitioner | : (Judge Mariani) |
| v. | : |
| CRAIG A. LOWE, | : |
| Respondent | : |

## **MEMORANDUM**

Petitioner, Segun Debowale, a detainee of the United States Immigration and Customs Enforcement ("ICE"), currently confined in the Pike County Correctional Facility, Lords Valley, Pennsylvania, filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Debowale claims that: (1) his 1999 deportation proceedings did not afford him due process; (2) he is eligible for a waiver of inadmissibility under 8 U.S.C. § 1182(h); and (3) the length of his detention violates the Due Process Clause of the Fifth Amendment. (*Id.*). Debowale seeks immediate release or an individualized bond hearing. (*Id.* at p. 14). Respondent argues that the Court lacks jurisdiction to review Debowale's first two claims because they relate to the merits of his removal, and that he is not entitled to release or a bond hearing because his detention has not been unconstitutionally lengthy. (Doc. 10, pp. 11-21).

For the reasons set forth below, the Court will dismiss Debowale's procedural due process challenges to his removal proceedings and request for a waiver of inadmissibility

for lack of jurisdiction. The Court will further grant a writ of habeas corpus directing an Immigration Judge to conduct a bond hearing to determine if Debowale is a flight risk or danger to the community.

I.  **Background**

Debowale, a native and citizen of Nigeria, initially entered the United States in 1984 under a non-immigrant visa. (Doc. 1, p. 2). On August 16, 1989, he became a lawful permanent resident. (*Id.*).

On June 17, 1993, Debowale was convicted by a jury of conspiracy to commit wire fraud, money laundering, and use of unauthorized access devices. (Doc. 10-1, 1993 Judgment in a Criminal Case); *see also United States v. Debowale, reported as United States v. Ismoila*, 100 F.3d 380, 385 (5th Cir. 1996). Debowale was sentenced to a total of eighty-seven months imprisonment followed by five years of supervised release, and was ordered to pay $360,689.00 in restitution. (*Id.*).

On January 25, 1998, based on Debowale's conviction, the Immigration and Naturalization Service ("INS")[1] commenced removal proceedings against him charging him as removable from the United States pursuant to sections 237(a)(2)(A)(i), (ii), and (iii) of the Immigration and Nationality Act ("INA") because his crimes involved moral turpitude or

---

[1] The Homeland Security Act of 2002 eliminated the Immigration and Naturalization Service ("INS"), and the Department of Homeland Security ("DHS") assumed the responsibilities of the former INS. *See* Homeland Security Act of 2002, 6 U.S.C. § 101 *et seq.* ICE is the investigative arm of the DHS and has taken on INS's immigration enforcement functions.

constituted aggravated felonies. (Doc. 10-2, Notice to Appear). On March 9, 1999, Debowale was ordered removed from the United States. (Doc. 10-4). On June 21, 2000, INS deported Debowale to Nigeria. (Doc. 1, p. 3; Doc. 10-4).

Debowale reentered the United States without inspection in 2001. (Doc. 1, p. 3). On September 22, 2011, Debowale pleaded guilty to a federal charge of conspiracy to commit wire fraud. (Doc. 10-3, 2011 Judgment in a Criminal Case). He was sentenced to a seventy-eight month term of imprisonment. (Id.).

ICE then reinstated Debowale's prior order of removal. (Doc. 10-4, Notice of Intent/Decision to Reinstate Prior Order). The immigration judge subsequently granted a motion to reopen the proceedings. (Doc. 10-5, Order of the Immigration Judge Reopening Proceedings). Upon reopening of Debowale's case, ICE withdrew the prior charges of removability and lodged new charges. The amended charges of removability charged Debowale as removable from the United States pursuant to sections 212(a)(2)(A)(i)(I), 212(A)(2)(B), and 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182, for committing crimes involving moral turpitude, being convicted of two offenses with an aggregate sentence of five years of imprisonment, and entering the United States without admission or parole. (Doc. 10-6, Additional Charges of Inadmissibility/Deportability).

On May 20, 2016, Debowale was taken into ICE custody. (Doc. 10-7, p. 8, Appeal Brief to the Board of Immigration Appeals). ICE has detained him without a bond hearing

3

during the pendency of his removal proceedings. (*Id.* at p. 7).

On June 6, 2016, Debowale appeared before the immigration court in York, Pennsylvania, for the first hearing in his removal proceedings. (Doc. 10-8, Adjournment History). Debowale argued that he was not subject to § 1226(c) mandatory detention. (Doc. 10-9, Order of the Immigration Judge with Respect to Custody). The immigration judge denied his request. (*Id.*). The master calendar hearing was continued to July 11, 2016 to allow Debowale the opportunity to obtain legal counsel. (*Id.*). The immigration judge set an individual hearing for September 27, 2016 to allow ICE needed additional time to provide records and a fingerprint check. (*Id.*).

On June 20, 2016, Debowale appealed the immigration judge's determination that he was subject to mandatory detention and was not entitled to an individualized bond hearing. (Doc. 10-7, p. 1). ICE did not file a brief in opposition. (Doc. 10-10, Decision of the Board of Immigration Appeals). On September 6, 2016, the Board of Immigration Appeals ("BIA") affirmed the immigration judge's decision. (*Id.*).

The immigration judge continued the September 27, 2016 hearing to October 25, 2016. On October 25, 2016, the immigration judge found Debowale inadmissible as charged and ordered him removed to Nigeria. (Doc. 10-11, Order of the Immigration Judge). The immigration judge also denied Debowale's applications for relief, including a request for a waiver of inadmissibility under Section 212(h) of the Immigration and

4

Nationality Act, 8 U.S.C. § 1182(h). (*Id.*). On November 8, 2016, Debowale appealed the immigration judge's decision to the Board of Immigration Appeals. (Doc. 1, p. 4). On April 6, 2017, the BIA remanded the record to the immigration judge to clarify the basis for removability. (Doc. 12).

On July 7, 2017, the immigration judge issued an order dismissing Debowale's charges of removability and granting his motion to terminate the proceedings. (Doc. 14).

## II. Discussion

### A. Procedural Due Process Challenges to Removal Proceedings

Debowale argues that he was unlawfully declared removable by ICE because he did not receive procedural due process in his 1999 deportation proceedings. (Doc. 1, pp. 5-7). Specifically, he argues he did not receive due process in his 1999 deportation proceedings because he was "improperly denied access to his 'A' file," and the immigration judge failed to advise him of his eligibility for any waivers. (Doc. 1, pp. 6-7). This Court lacks jurisdiction over this contention under 8 U.S.C. § 1252. *See Verde-Rodriguez v. Attorney Gen. U.S.*, 734 F.3d 198, 201 (3d Cir.2013) (explaining that habeas corpus relief is not available in the district courts for aliens seeking to challenge orders of removal and such relief must be sought in the Third Circuit Court of Appeals). Therefore, this claim will be dismissed.

### B. Waiver of Inadmissibility

Debowale also requests that the Court grant him a waiver of inadmissibility under 8

5

U.S.C. § 1182(h). (Doc. 1, pp. 7-11). Pursuant to 8 U.S.C. § 1182(h), the Attorney General may, in his discretion, waive an alien's inadmissibility if that inadmissibility would "result in extreme hardship" to the alien's U.S. citizen child. 8 U.S.C. § 1182(h)(1)(B). That provision further provides that "[n]o court shall have jurisdiction to review a decision of the Attorney General to grant or deny a waiver under this subsection." 8 U.S.C. § 1182(h).

Debowale further claims that he was "denied his fundamental right to apply for a waiver" before the immigration judge. (Doc. 1, p. 7). Assuming *arguendo* that this is Debowale's first request for a § 1182(h) waiver, the Court nonetheless lacks authority to consider his eligibility for the waiver pursuant to 8 U.S.C. § 1182(h). *See* 8 U.S.C. § 1182(h) (providing that "[t]he Attorney General may, in his discretion, waive" inadmissibility). Consequently, this Court lacks jurisdiction over the immigration judge's decision to deny a § 1182(h) waiver, and this claim will be dismissed.

### C. Due Process

Lastly, Debowale challenges his continued detention by ICE. This Court has jurisdiction over Debowale's habeas petition and his claims challenging his prolonged pre-final order detention by ICE at the Pike County Correctional Facility as illegal and unconstitutional. *See Leslie v. Attorney General of U.S.*, 363 F. App'x 955, 957, n.1 (3d Cir. 2010) (*per curiam*) (citation omitted). In considering the petition for writ of habeas corpus, the Court notes that Debowale is not subject to a final order of removal; the immigration

6

judge ordered that the removal proceedings be terminated. Thus, this Court is forced to address whether Debowale is entitled to habeas relief in the nature of his release from the Pike County Correctional Facility, or to order a bond hearing.

Following Debowale's 2011 conviction, there did exist a clear legal basis for ICE to detain him pending the outcome of removal proceedings. *See Diop v. ICE*, 656 F.3d 221, 230 (3d Cir. 2011). Pursuant to 8 U.S.C. § 1226(c), the Attorney General must take into custody any alien who "is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title." 8 U.S.C. § 1226(c)(1)(A). However, this "mandatory detention" provision has limits. *See Diop v. ICE/Homeland Security*, 656 F.3d 221, 232 (3d Cir. 2011). The Courts have cautioned that the constitutionality of detention is, at least to some extent, a function of the length of detention. *Id.* Although mandatory detention for some classes of aliens under § 1226(c) is constitutional, Justice Kennedy's concurring opinion in *Demore v. Kim, et al.*, 538 U.S. 510, 532, (2003,) emphasizes that continued detention can become unconstitutional unless the government justifies its actions at a hearing designed to ascertain whether continued detention of the alien is necessary to achieve the law's stated purposes of preventing flight and minimizing potential dangers to the community. *Diop*, 656 F.3d at 233. Where detention has become unreasonable, "the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute."

7

*Id.*

In *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015), the Third Circuit further examined excessive detention claims under § 1226(c). The Third Circuit held that in cases where a petitioner brings a good faith challenge to his or her removal from the United States:

> beginning sometime after the six-month time frame considered by *Demore*, and certainly by the time [the alien] had been detained for one year, the burdens to [the petitioner's] liberties outweigh[ ] any justification for using presumptions to detain him without bond to further the goals of the statute. . . . [T]he underlying goals of the statute would not have been, and will not now be undermined by requiring the Government to produce individualized evidence that [the petitioner's] continued detention was or is necessary.

*Chavez-Alvarez*, 783 F.3d at 478.

Debowale was taken into ICE custody on May 20, 2016, and has now been detained by ICE for nearly fifteen (15) months. Although the statutory law does seemingly dictate mandatory custody, "[w]e do not believe that Congress intended to authorize prolonged, unreasonable, detention without a bond hearing." *Hernandez v. Sabol*, 823 F. Supp. 2d 266, 272 (M.D. Pa. 2011). Section 1226(c) authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community. *See Diop*, 656 F.3d at 231. Thus, the Court will direct that Debowale be granted a bond hearing to

ascertain whether the Immigration Court considers him a flight risk or a danger to the community.

This Court's decision is entirely consistent with other case law from the Middle District of Pennsylvania, as well as with the *Diop* Court's caution that prolonged detention of an alien (35-month detention in *Diop*), absent an individualized bond hearing, can become presumptively unreasonable. *See Bautista v. Sabol*, 862 F. Supp. 2d 375 (M.D. Pa. 2012). Following *Diop*, the Middle District Court has ruled that a petitioner, detained for approximately twenty (20) months under § 1226(c), was entitled to release while his appeal of removal was pending in the Immigration Court and the Board of Immigration Appeals. *See Gupta v. Sabol*, 2011 WL 3897964, *1 (M.D. Pa. 2011). The *Gupta* Court stated that such decisions reflect "a growing consensus within this district and throughout the federal courts [ ] that prolonged detention of aliens under § 1226(c) raises serious constitutional concerns." *Id.* at *2. Thus, although this Court declines to grant the outright release of Debowale in advance of a bond hearing, Debowale's detention does require a bond hearing.

A separate order shall issue.

Date: August __, 2017

Robert D. Mariani
United States District Judge