IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEGUN DEBOWALE, | : Civil No. 3:16-cv-2394 |
| Petitioner | : (Judge Mariani) |
| v. | : |
| CRAIG A. LOWE, | : |
| Respondent | : |

## MEMORANDUM

### I. Background

On February 21, 2019, Petitioner Segun Debowale ("Debowale"), a native and citizen of Nigeria, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the United States Immigration and Customs Enforcement ("ICE"). (Doc. 1). In the petition, Debowale requested an individualized bond hearing or immediate release from custody. (*Id.* at p. 14). At the time his petition was filed, Debowale was detained at the Pike County Correctional Facility, in Lords Valley, Pennsylvania.

Presently before the Court is Respondent's motion (Doc. 23) to dismiss the habeas petition as moot. Respondent argues that Debowale has been released from custody and departed the United States on October 27, 2019, and the habeas petition is therefore moot. (*Id.* at pp. 3-5; *see also* Docs. 23-2, 23-3). In an effort to ascertain the custodial status of Debowale, the Court accessed the ICE Online Detainee Locator System, which revealed

that he is no longer in the custody of that agency.[1] For the reasons set forth below, the Court will grant Respondent's motion and dismiss the habeas petition as moot.

## II.  Discussion

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Diaz-Cabrera v. Sabol*, 2011 U.S. Dist. LEXIS 124195, *3 (M.D. Pa. 2011) (quoting *Lane v. Williams*, 455 U.S. 624, 631 (1982)). Thus, when a petitioner, who challenges only his ICE detention pending removal and not the validity of the removal order itself, is released from custody, the petition becomes moot because the petitioner has achieved the relief sought. *See DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005) ("[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition.").

In the present case, the habeas petition challenges Debowale's continued detention pending removal. (*See* Doc. 1). Because Debowale has since been released from ICE custody and departed the United States, the petition no longer presents an existing case or

---

[1] Upon entering Debowale's alien registration number, A-028-301-854, and his country of birth, Nigeria, into the Online Detainee Locator System, https://locator.ice.gov/odls/homePage.do, the results returned no matches for any such detainee.

controversy. *See Diaz-Cabrera*, 2011 U.S. Dist. LEXIS 124195 at *2-4. Further, Debowale has received the relief he sought, namely, to be released from ICE custody. *See Sanchez v. AG*, 146 F. App'x 547, 549 (3d Cir. 2005) (holding that the habeas petition challenging the petitioner's continued detention by ICE was rendered moot once the petitioner was released). Consequently, the instant habeas petition will be dismissed as moot. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: July 10, 2020